FILED

2017 FEB 14 PM 4:20

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:17cr64T23 MAP

18 U.S.C. § 371
18 U.S.C. § 1028A

LINARA MUKHAMEDZHANOVA

# INFORMATION

The United States Attorney charges:

## COUNT ONE
## (Conspiracy)

### A. Introduction

At all times material to this Information:

1. Linara Mukhamedzhanova was a Russian citizen and a resident of the Middle District of Florida. During the pendency of this conspiracy, Mukhamedzhanova lived at residences on Eleuthera Street West in Venice, Florida and on Boca Grande Avenue in North Port, Florida.

2. BB&T Bank was a federally insured financial institution with branches in the Middle District of Florida and elsewhere.

3. The term "means of identification" included any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any access device.

**B. The Conspiracy**

4. From an unknown date, but from at least in or around 2015, and continuing through and including on or about November 16, 2016, in the Middle District of Florida and elsewhere,

LINARA MUKHAMEDZHANOVA,

the defendant herein, did knowingly and willfully conspire, combine, confederate, and agree with others both known and unknown to the United States Attorney, to commit certain offenses, to wit:

a. bank fraud, in violation of Title 18, United States Code, Section 1344; and

b. aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.

**C. Manner and Means of the Conspiracy**

5. It was a part of the conspiracy that the conspirators would, and did, file and attempt to file fraudulent federal income taxes using stolen Personally Identifiable Information or PII, which resulted in the issuance of fraudulently-obtained federal income tax refunds.

6. It was further part of the conspiracy that the conspirators would, and did, direct that some of the fraudulently-obtained federal income tax refunds be issued via Treasury checks that were sent to addresses under the conspirators control.

7. It was further part of the conspiracy that the conspirators would, and did, direct that some of the fraudulently-obtained federal income tax refunds be directed to reloadable debit cards in the identity theft victims' names. The conspirators then used these cards and accounts to, among other things, obtain checks that were transmitted to addresses and accounts under the conspirators' control.

8. It was further part of the conspiracy that the conspirators would, and did, recruit individuals from Russia, Kazakhstan, and other Eastern European and Central Asian countries to open bank accounts at branches of federally insured financial institutions in the Middle District of Florida and elsewhere.

9. It was further part of the conspiracy that the conspirators would, and did, take over the accounts opened by these recent immigrants in the country on short-term visas in order to receive, deposit, and direct others to deposit fraudulently-obtained tax refunds and other illegally obtained funds.

10. It was further part of the conspiracy that the conspirators would, and did, withdraw and transfer funds from these accounts at branches of federally insured financial institutions in the Middle District of Florida and elsewhere and share in the proceeds of the fraud.

11. It was further part of the conspiracy that the conspirators would, and did, perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

**D. <u>Overt Acts</u>**

12. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida and elsewhere:

a. On or about May 5, 2015, a conspirator directed that five checks be issued from victim D.Z.'s GreenDot debit card account, which account was funded with a fraudulently-obtained tax refund issued to victim D.Z. These five checks, which totaled approximately $4,952.00, were directed to be mailed and mailed to Mukhamedzhanova's address on Eleuthera Street West, Venice, Florida.

b. On or about May 19, 2015, Mukhamedzhanova and another coconspirator opened an account ending in -2463 at BB&T Bank and made an initial deposit of check number 0044937565 for $995.00, which check was generated from victim D.Z.'s GreenDot account and mailed to Mukhamedzhanova.

c. On or about May 26, 2015, Mukhamedzhanova used an ATM at a BB&T branch located in the Middle District of Florida to deposit into BB&T account ending in -2463, GreenDot check number 0044937564 for $998.00 issued from the GreenDot account of identity theft victim D.Z. and mailed to Mukhamedzhanova.

d. On or about May 26, 2015, Mukhamedzhanova used an ATM at a BB&T branch located in the Middle District of Florida to attempt to make a $500 cash withdrawal from the BB&T account ending in -2463.

e. On or about May 28, 2015, Mukhamedzhanova used an ATM at a BB&T branch located in the Middle District of Florida to deposit into BB&T account ending in -2463, three GreenDot checks, numbers 0044937566, 0044937567, and 0044937568, for $990.00, $988.00, and $981.00, respectively, issued from the GreenDot account of identity theft victim D.Z. and mailed to Mukhamedzhanova.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

## (Aggravated Identity Theft)

1. Paragraphs 1 through 3 of Part A of Count One of this Information are realleged and incorporated by reference as if fully set forth herein.

2. From in or around May 19, 2016, through and including on or about May 28, 2016, in the Middle District of Florida and elsewhere,

LINARA MUKHAMEDZHANOVA,

the defendant herein, did knowingly transfer, possess, and use, without lawful authority, and aided and abetted others in the transfer, possession, and use without lawful authority, a means of identification of another person, specifically five checks issued from victim D.Z.'s GreenDot account that featured D.Z.'s name and address on the front of the checks, during and in relation to the felony offense of bank fraud, in violation of 18 U.S.C. §1344, knowing that the means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A and 2.

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(2).

2. Upon conviction of a conspiracy of the violation of 18 U.S.C. § 1344 in violation of 18 U.S.C. § 371, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, a forfeiture money judgment of at least $4,952.00, which represents the proceeds of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A. LEE BENTLEY, III
United States Attorney

By: ______________________
Amanda L. Riedel
Assistant United States Attorney

By: ______________________
Simon A. Gaugush
Assistant United States Attorney
Chief, Economic Crimes Section